## Case No. 18,234.

### In re BENTON'S WILL.

[2 Hayw. & H. 315.] [1]

Orphans' Court, District of Columbia. Dec. 11, 1858.

EXECUTORS — QUALIFYING AFTER RENUNCIATION.

Notwithstanding the renunciation of an executor, under the Maryland statute of 1798 (chapter 101, subc. 3, § 7),[2] he can come into court and take the responsibility by complying with the law at any time before letters of administration had been granted to another.

[Motion to appoint an executor.]

It appears that all the executors named in the will of Thos. H. Benton had renounced or failed to qualify and give bonds when summoned.

WM. F. PURCELL, Judge. The judge decided that notwithstanding the renunciation of an executor he might come into court and take the responsibility upon himself by complying with the law at any time before letters had been granted to any other person. This decision is based upon the Maryland statute of

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] If any executor or executrix named in a will shall file ——— an attested renunciation in writing of his or her trust, there may be the same proceedings with respect to granting letters testamentary or of administration, as if the party so renouncing had not been named in the will; provided, nevertheless, that any executor or executrix named in a will shall be entitled, notwithstanding any failure or renunciation as aforesaid, on filing a bond as aforesaid, before letters testamentary or of administration shall actually be committed to another or others as aforesaid, to have letters testamentary granted to him or her, or to be included therein, as the case may require.

1798 (chap. 101, subc. 3, § 7), which is now in force in this district. Upon this decision Montgomery Blair, Esq., one of the executors who had renounced, came into court and gave bonds in the penalty of $20,000; F. P. Blair and John C. Rives, Esqs., becoming his sureties.